Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7388 | **DATE** | 11/1/11 |
| **CASE TITLE** | U.S. ex rel. Christopher Neal (#K-84358) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner has paid the statutory filing fee. Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. The Clerk is directed to send Petitioner a file-stamped copy of his petition. Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

  Christopher Neal, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000, Cook County, Illinois, convictions for first degree murder and attempted murder. (Cook County Criminal Court No. 96 CR 14024). Petitioner alleges that he had ineffective assistance of counsel and that his right to due process was violated. While Petitioner has filed a previous writ of habeas corpus pursuant to 28 U.S.C. § 2254, *U.S. ex rel. Christopher Neal v. Marcus Hardy*, Case No. 10 C 7543 (N.D. Ill) (Guzman, J.), the present petition, on its face, appears to be challenging a different conviction and sentence, and therefore does not appear to be successive.

  Petitioner has paid the statutory filing fee.

  Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

  Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

  Petitioner has submitted correspondence seeking a file-stamped copy of his petition. The Clerk is directed to send Petitioner a file-stamped copy of his petition this one time. In the future, Petitioner will be required to pay for his own copies of documents in this matter, or otherwise find a way to procure copies.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

Finally, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the Petitioner is not yet in custody for the sentence being challenged). Rules 2(a) and (b) of the Rules Governing Section 2254 Cases.